PEOPLE ex rel. MILSOM v. EAST BUFFALO LIVE STOCK ASS'N.

(Supreme Court, Appellate Division, Fourth Department.  November 17, 1903.)

1. CORPORATIONS—BY-LAWS—EXPULSION OF MEMBERS—RIGHT TO HEARING.
    Laws 1875, p. 264, c. 267, authorizes corporations incorporated thereunder to make by-laws, etc., governing the expulsion of members.  *Held*, that where charges of misconduct are preferred against a member of a corporation having such by-laws, and the board of directors, having, under the by-laws, cognizance of the same, appoints a committee to hear and determine the controversy, it is its duty to give the member accused proper notice of its proceedings, so that he may be heard.
2. SAME—INVESTIGATION COMMITTEE—AUTHORITY—EVIDENCE.
    Laws 1875, p. 264, c. 267, authorizes corporations incorporated thereunder to make by-laws, etc., governing the expulsion of members.  Charges having been preferred against a member of a corporation having by-laws governing expulsion of a member, a committee was appointed

¶ 1. See Corporations, vol. 12, Cent. Dig. § 645.

to investigate the controversy; and on an issue whether the committee had been appointed to determine and hear the controversy, or whether it was appointed to report on what ought to be done as to evidence already produced when accused and his accuser has appeared before the directors, there was some evidence that at the meeting at which the committee was appointed the parties were sworn and made statements, and some witnesses testified that the parties gave all the statements and evidence that they desired to, and that the committee was appointed to decide what should be done, etc. The testimony was somewhat vague, and the record in the corporation's book showed that the committee was appointed to "hear, try, and determine"; and it appeared that there was no evidence, save a statement by one of his claim, and a denial of its accuracy by the other, who admitted a certain indebtedness, less than that charged. *Held*, that a finding that the committee was appointed to "hear, try, and determine" the controversy de novo was warranted.

**8. SAME—EXPULSION—ERRONEOUS PROCEEDING—IMMATERIAL ERROR.**

The fact that the accused member admitted that he was indebted to another in a certain amount by reason of his improper conduct did not warrant his expulsion by the committee without a hearing; procedure by means of a hearing having been adopted; it being a matter of substantial interest to him to have the claim not fixed at too high a sum; the amount determined on having not agreed with his claim or that of his accuser; and it not being assumable that, if the decision had been for a less sum, he might not have found means of meeting his obligation.

Appeal from Special Term, Erie County.

Mandamus by the people, on the relation of Walter Milsom, to compel the East Buffalo Live Stock Association to reinstate relator as a member. This is an appeal from an order directing, in substance, that a writ of peremptory mandamus issue to the defendant, commanding it to restore and reinstate the relator to all rights, benefits, and privileges as a member thereof, and to annul and revoke a certain notice or order of suspension made by it of said relator as a member. Said order also provided for the recovery by said relator of his costs and disbursements. The appeal is also from an order entered denying defendant's motion for a new trial. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Henry W. Killeen, for appellant.

H. J. Swift, for respondent.

HISCOCK, J. This case involves an investigation of defendant's right to suspend relator, one of its members, because of certain alleged business defaults, and of the regularity of the proceedings by which it attempted to enforce such right. We think the matter was disposed of without error in the court below, and that the order appealed from should be affirmed.

Defendant having suspended relator, upon his application an alternative writ of mandamus was issued, requiring it to reinstate him, or else show cause; and return having been made and filed to said writ, raising certain issues of fact, the same were duly brought to trial before a jury. Upon the trial the learned justice presiding held that the decisive question was whether relator had been offered a fair opportunity to be heard in defense of the charges preferred against him before his suspension, and that upon this question there was not

sufficient evidence to permit a jury to find that he had had such opportunity. This conclusion resulted in a direction of a verdict in favor of the relator, and then logically followed the order appealed from. We concur in the view that the question stated was decisive of the disposition to be made of this case in the court below, and also in the determination of the trial justice that there was not sufficient evidence upon defendant's side of that issue to support a finding of a jury in its behalf if so made.

The defendant is a corporation organized for mutual benefit purposes under chapter 267, p. 264, of the Laws of 1875, and is composed exclusively of persons buying and selling live stock at the city of Buffalo. The statute under which it was incorporated authorized it to make and adopt a constitution, by-laws, rules, and regulations for its government, and, amongst other things, for the censure, suspension, and expulsion of its members. Under this latter authority, and before the occurrence of the events under review, it had adopted rules and by-laws which, beyond any serious controversy, were broad enough to empower it to visit upon relator the suspension complained of by him for his alleged shortcomings hereinafter referred to, provided they were sufficiently and properly established. Relator and one Lacey were copartners in the city of Buffalo, engaged in buying and selling live stock upon commission. Lacey preferred charges to the defendant against the relator, to the effect that the latter, while his copartner in certain business transactions, had misappropriated moneys belonging to customers; that he (Lacey) had been compelled to indorse relator's notes to enable him to raise money to pay up these misappropriations; and that, when the notes became due, relator did not pay them, and he (complainant) was compelled to. As stated, we have no doubt that these defaults upon the part of relator, if properly established, were a sufficient basis for the suspension made of him by defendant.

After the charges were preferred, both parties appeared at two meetings of defendant's board of directors, which had power to take cognizance of the same. The controversy which we deem important upon this appeal arises in respect to what took place at the last meeting. Upon the suggestion of some member of the board, and by consent of the two parties, a committee of three directors was appointed to act with reference to the dispute; Lacey having claimed that relator owed him in the neighborhood of $5,000, and relator having admitted an indebtedness of $3,100 or $3,200. The narrow, precise issue is whether this committee was appointed to hear, try, and determine the controversy de novo, or whether a jury might have said that it was appointed, upon the evidence or statements already produced at said meeting of the board, to decide what ought to be done between the parties. This narrow question leads to the larger and decisive one already referred to, because, if said committee was appointed to hear, try, and determine upon evidence and arguments thereafter to be produced and made, it was concededly its duty to give relator proper notice of its proceedings, so that he might be heard. This was never done; said committee essaying, without any such proceedings, to make to the board of directors a report that relator owed Lacey

about $3,500, and for failure to comply with which decision and pay said award relator was finally suspended. Upon the other hand, if this committee was charged with the duty, upon what had already occurred before the board of directors, of reporting what ought to be done in the premises, relator was not deprived of any rights. A careful review of all of the evidence upon this point leads us to the opinion that the committee was appointed for the purpose of giving the parties at some future date a hearing which should be made the basis of its decision. There is some evidence that, when the parties appeared before the board of directors at the meeting at which the committee was appointed, they were sworn, and made statements in respect to the amount of the indebtedness due from relator to Lacey, because the amount seems to have been the only subject of dispute. Some of the witnesses sworn upon the trial below as to the occurrences of this occasion make statements to the effect that the parties gave all the statements and evidence that they desired to, and that this committee was appointed for the purpose of deciding what should be done, etc. When this testimony, however, is carefully scrutinized, it is apparent that it largely consists of the mere conclusions of witnesses, based upon a somewhat indefinite recollection of what was done. Upon the other hand, the record entered in defendant's minute book at the time states distinctly that the committee was to hear, try, and determine. Neither can it be said that the parties really went into the merits of their controversy before the committee was appointed. Their acts in this respect consisted substantially of a statement by Lacey of his claim, and a denial by relator of the accuracy of that claim. Neither party gave the evidence which would ordinarily be expected to sustain his side of the issue. So that, without reviewing more in detail the testimony as to what took place, we think that the fair and reasonable construction is that the parties agreed to the appointment of a committee for the purpose of trying their differences, and that relator was fairly entitled to anticipate an opportunity to be heard in his defense before said committee. It is not necessary to discuss at length the proposition that the failure to give him an opportunity for such hearing, if he was entitled thereto, renders void the subsequent decision of the committee as to his obligations to Lacey, and the still later suspension of him by defendant based upon such decision. There is no serious dispute about this.

It is suggested by the learned counsel for the appellant that, relator having admitted that he was indebted to his accuser in a certain amount, it was proper for the defendant to suspend him as it did. As was stated by the learned trial justice in disposing of the proceedings before the jury, it possibly may be that defendant would have been entitled to take this course immediately upon relator's coming before it and making the admission in question. This course, however, was not adopted, and this proceeding has not been defended upon that theory. All of the parties interested elected to have it determined whether the accuser or the accused was correct in his statements, and, this course of procedure having been adopted, the accused was entitled to have it conducted in a proper and lawful way. It was a matter of substantial interest to him not to have the amount of

the indebtedness fixed at too large a sum. The amount determined by the committee agrees neither with his claim, nor with that of the accuser. In addition, there was some statement made before the board of directors to the effect that security had been given for quite a large amount of this indebtedness. We cannot say or assume that, if the decision against relator had been for a smaller sum, he might not have found means of meeting his obligation, and thus escaping the penalty which has been visited upon him. The orders appealed from should be affirmed, with costs.

Orders affirmed, with costs. All concur.